948 F.2d 1295
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harry D. WALTERS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-2086.
 United States Court of Appeals, Tenth Circuit.
 Nov. 20, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant appeals from the district court Order affirming the Secretary's decision to terminate Claimant's disability benefits. The Secretary, in 1985, awarded Claimant benefits, determining that Claimant was disabled due to osteomyelitis, a bone infection occurring secondary to a comminuted fracture of Claimant's left tibia and fibula, which met the Secretary's listings for establishing disability, 20 C.F.R. Pt. 404, Subpt. P, App. 1, sec. 1.08. In January 1986, following unsuccessful antibiotic treatment of the osteomyelitis, Claimant's left leg was amputed below the knee.
 
 
 3
 In May 1988, the Secretary terminated Claimant's benefits after determining Claimant was no longer disabled. Claimant requested and received an evidentiary hearing before an administrative law judge (ALJ), who concluded Claimant was no longer disabled. The Appeals Council refused Claimant's request for review and the ALJ's determination became the Secretary's final decision. Claimant then appealed to the district court, which affirmed the Secretary's termination of benefits.
 
 
 4
 Claimant now appeals that decision to this court, asserting two grounds for reversal: (1) the Secretary's decision was not supported by substantial evidence; and (2) the ALJ breached his duty to make a sufficient record by refusing to order a psychiatric evaluation of Claimant, in light of the evidence produced at the hearing concerning Claimant's alcoholism.
 
 
 5
 "This court reviews the Secretary's decision to determine only whether his findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making his decision." Hargis v. Sullivan, No. 90-6188, slip op. at 6 (10th Cir. Oct. 4, 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id. at 7. Upon careful review of the record, we affirm.
 
 
 6
 In order to terminate disability benefits, the Secretary must establish that Claimant's condition has improved, that that improvement is related to Claimant's ability to do work, and that, therefore, Claimant now possesses the ability to engage in substantial gainful employment, either by returning to his past relevant work or by otherwise possessing the residual functional capacity to perform some other work. See 20 C.F.R. § 404.1594(a), (f).
 
 
 7
 The record supports the Secretary's determination that Claimant's condition has improved and that that improvement is related to Claimant's ability to do work. The osteomyelitis, upon which the Secretary had based his previous disability determination, no longer presents a difficulty. Further, although Claimant's left leg had to be amputated, Claimant no longer constantly requires assistive devices to move about, as he needed prior to the amputation.
 
 
 8
 Claimant also argues, however, that, despite the improvement in his condition following the amputation, he remains disabled in light of, inter alia, his hypertension, alcoholism, arthritis, loss of hearing, and headaches resulting from lipoma. See 20 C.F.R. § 404.1594(f)(6) ("If medical improvement is shown to be related to your ability to do work ..., we will determine whether all your current impairments in combination are severe...."). The record fails to include evidence establishing that these other conditions impair Claimant's current ability to do work. See id. ("When the evidence shows that all your current impairments in combination do not significantly limit your physical or mental abilities to do basic work activities, these impairments will not be considered severe in nature. If so, you will no longer be considered to be disabled.").
 
 
 9
 Lastly, Claimant asserts that the ALJ erred in refusing to supplement the record by ordering a psychological evaluation of Claimant, in light of the evidence presented concerning Claimant's alcoholism. The ALJ has a duty "to inform himself about facts relevant to his decision." See Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir.1987) (quoting Heckler v. Campbell, 461 U.S. 458, 471 n. 4 (1983) (Brennan, J., concurring)).
 
 
 10
 Claimant, who was represented by counsel, asserted that he had drunk heavily until approximately seven or eight years prior to the hearing with the ALJ, but that, since that time, he had only drunk alcohol on two occasions and he took Antabuse to curb his appetite for alcohol. Such evidence was not sufficient to require the ALJ to order psychological testing based on Claimant's alcoholism.
 
 
 11
 The Secretary's determination that Claimant, although unable to return to his past relevant work, possessed the residual functional capacity to perform sedentary work was supported by substantial evidence in the record. The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3